# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, et al., )
　　　　　　　　　　　　　　　　 )
　　　　　Plaintiffs, 　　　　　　 )
　　　　　　　　　　　　　　　　 )　　No. 4:08-CV-75 CAS
　v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
FLENTGE CONTRACTING, 　　　　　　)
　　　　　　　　　　　　　　　　 )
　　　　　Defendant. 　　　　　　 )

## MEMORANDUM AND ORDER

Plaintiffs filed this action to recover, inter alia, delinquent contributions, liquidated damages, and interest allegedly owed to the plaintiff employee benefit funds pursuant to 29 U.S.C. §§ 185 and 1132. Plaintiffs also seek to recover accounting fees, attorneys' fees, and costs incurred in this action. Finally, plaintiffs seek an Order compelling defendant to submit its contribution report forms for the months of October 2007 to date.

Plaintiffs filed a motion for partial summary judgment, submitting in support of their motion a statement of uncontroverted material facts, memorandum, exhibits, and the affidavits of Bernard Difani, John Massa and Janine M. Martin. Defendant did not file a response and the time to do so has passed.

**Legal Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. <u>City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.</u>, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. <u>Johnson v. Enron Corp.</u>, 906 F.2d 1234, 1237 (8th Cir. 1990).

**Facts**.[1]

1. Plaintiff Benefit Funds are employee benefit plans within the meaning of Sections 3(1), (3), SO2, and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1002(1), (3), 1132, 1145. (Complaint ¶¶ 1-4; Answer ¶ 1.)

2. Local Unions Nos. 42, 53, and 110, Laborers International Union of North America are labor organizations representing employees in an industry affecting commerce within the meaning of sections 2(4), (5), (6), and (7) of the National Labor Relations Act as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. (Complaint ¶ 5; Answer ¶ 1.)

---

[1]The Court adopts the Statement of Uncontroverted Material Facts submitted by plaintiffs. These facts are deemed admitted for purposes of summary judgment under Local Rule 4.01(E), because defendant did not controvert them.

3. On December 8, 2006, defendant entered into a collective bargaining agreement ("CBA") with Laborers Local 42-53-110 that requires monthly contributions to the Benefit Funds. The collective bargaining agreement also provides that the Trustees shall be permitted to examine defendant's books and records periodically to insure that contributions have been properly made in accordance with the terms of the CBA. (Complaint ¶ 8; Answer ¶ 1; Affidavit of Bernard Difani, ¶¶ 2-3, Ex. 1-2).

4. The CBA provides that 20 percent liquidated damages be assessed on delinquent contributions. Difani Aff., ¶ 3, Ex. 2).

5. The CBA also provides for the assessment of interest where suit is filed to collect delinquent contributions. (Difani Aff., ¶ 4, Ex. 2).

6. The CBA requires the defendant to pay the accounting costs if an examination of the defendant's financial records determines that defendant has not made a full reporting of the number of hours worked. (Difani Aff., ¶ 4, Ex. 2).

7. Defendant Flentge contracting has failed to submit its monthly reports and contributions for the period of December 2006 to date. (Difani Aff., ¶ 5).

8. A financial examination of defendant Flentge Contracting's financial records was conducted for the period of December 8, 2006 through September 30, 2007. (Affidavit of John Massa, Ex. 1).

9. The financial examination revealed that Flentge Contracting owes the following amounts:

```
Principal Contributions…………………..$19,258.35
Liquidated Damages………………………$3,851.65
Interest…………………………………….$1,788.10
     Examination Total……………….$24,898.10
```

(Massa Aff., Ex. 1).

10. The Benefit Funds were billed $818.00 for the accounting. (Affidavit of John Massa, ¶ 4).

11. Both ERISA Section 502 (g)(2) and the CBA provide for the recovery of attorneys' fees and costs where suit is filed to recover delinquent contributions. 29 U.S.C. §1132 (g)(2); (Difani Aff., Ex. 2).

12. Plaintiff Funds have or will be billed $1,215.00 in attorneys' fees through July 10, 2008 and $507.76 in court costs through July 10, 2008 in connection with this matter. (Affidavit of Janine M. Martin, ¶ 7).

**Discussion**.

As set forth above, a financial examination was performed on defendant's financial records pursuant to the collective bargaining agreements for the period of December 8, 2006 through September 30, 2007. The financial examination revealed that defendant had substantially failed to report and pay fringe benefit contributions on hours worked by employees. Based on the report issued by the accountants, plaintiffs determined that defendant owes $19,258.35 in contributions, $3,851.65 in liquidated damages, and $1,788.10 in interest calculated through June 30, 2008.

Pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), plaintiffs are owed a total of $19,258.35 in delinquent contributions, $3,851.65 in liquidated damages, and $1,788.10 in interest based on the financial examination. Also, the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), require defendant to pay attorneys' fees and costs. Plaintiffs incurred $818.00 in accounting fees, $1,215.00 in attorneys' fees through July 10, 2008, and $507.76 in court costs and special process server

fees. Based on the evidence presented, the Court finds the services performed by plaintiffs' attorneys were reasonable and necessary to the litigation of this case, the rates charged were reasonable, and the amount sought for attorneys' fees is reasonable.

The total amount owed by defendant to plaintiffs during this time period is $27,438.86.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial summary judgment is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that partial judgment be entered in favor of plaintiffs and against defendant Flentge Contracting, in the total amount of Twenty-Seven Thousand Four Hundred Thirty-Eight Dollars and Eighty-Six Cents ($27,438.86).

**IT IS FURTHER ORDERED** that defendant Flentge Contracting shall produce its reports for the months of October 2007 to date, within twenty (20) days of the date of this Order. Plaintiffs may seek final judgment on any amounts owed on subsequently submitted reports. Nothing in this Order prevents plaintiffs from performing a future payroll compliance examination for the period after September 30, 2007.

An appropriate partial judgment shall accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this __15th__ day of September, 2008.